IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

**CONRAD JACQUART,**

Plaintiff,

v.

**STATE AUTO INSURANCE COMPANY OF OHIO,**
an Ohio corporation, doing business as
STATE AUTO PROPERTY & CASUALTY,
STATE AUTO INSURANCE COMPANIES, and
STATE AUTOMOBILE MUTUAL INSURANCE COMPANY,

Defendant.

## NOTICE OF REMOVAL

The Defendant, State Auto Insurance Company of Ohio, d/b/a State Auto Property & Casualty, State Auto Insurance Companies, and State Automobile Mutual Insurance Company ("State Auto"), through its attorneys, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby submits the following Notice of Removal to the United States District Court for the District of Colorado. In support thereof, State Auto states as follows:

1. On July 30, 2019, plaintiff filed a Complaint and Jury Demand in the District Court for the County of Huerfano, Colorado, captioned *Conrad Jacquart v. State Auto Company of Ohio, an Ohio corporation, doing business as State Auto Property & Casualty, State Auto Insurance Companies, and State Automobile Mutual Insurance Company*, Case No. 2019-CV-30030. The

Complaint was served on the Colorado Division of Insurance as registered agent for State Auto on August 9, 2019.

2. This Notice of Removal is filed within the thirty-day requirement under 28 U.S.C. § 1446(b).

3. "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds a sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a)(1).

4. This Court has jurisdiction over this action under 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. § 1441(b) because this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. Removal is appropriate here because there is complete diversity between the parties. "For purposes of federal jurisdiction, an individual's state citizenship is equivalent to domicile. To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Smith v. Cummings*, 445 F.3d 1254, 1259-60 (10th Cir. 2006). At all relevant times, plaintiff was a citizen of the State of Colorado, with a residence of 1900 West 6th Street, Las Animas, Colorado 81054, along with property owned at TBD County Road 442, La Veta, Colorado 80155. (Complaint, ¶ 1). Plaintiff has reported no other residence or place of domicile in this case. Based on the foregoing, plaintiff is domiciled in Colorado.

6. For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). State Auto is a corporation incorporated in the State of Ohio with its principal place of business in Ohio. (Compl., ¶ 2; *see also* **Exhibit A**).

7. No change of citizenship of the parties has occurred since the commencement of this action. Under 28 U.S.C. § 1332(a), there is complete diversity of citizenship between plaintiff and State Auto.

8. This Court has diversity jurisdiction where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1224 (10th Cir. 2001). The amount in controversy must be determined by the allegations contained in the complaint or, if not dispositive, by the allegations in the Notice of Removal. *Laughlin v. K-Mart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). Where the complaint is inconclusive regarding the amount of damages sought, the Court may look to other sources to demonstrate jurisdictional facts, including "'contentions, interrogatories or admissions in state court; by calculation from the complaint's allegations[;] by reference to the plaintiff's informal estimates or settlement demands[;] or by introducing evidence. . . about how much it would cost to satisfy the plaintiff's demands.'" *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006) (Easterbrook, J.)).

9. The amount in controversy here exceeds the sum of $75,000, exclusive of interest and costs. Plaintiff alleges he filed a claim for insurance benefits with State Auto after a fire caused extensive damage to a building located at TBD County Road 442, La Vesta, Colorado 80155.

(Compl., ¶¶ 6-9). Plaintiff sought $86,640 for loss of the personal property located in the "cabin/tiny house". (**Exhibit B**). He also provided an estimate and proposal to rebuild the cabin/tony house for $59,700 and $56,000. (**Exhibit C**). Plaintiff asserts three claims for relief: (1) breach of contract, (2) statutory bad faith under. § 10-3-1113(3), 1115, 1116, and (3) common law insurance bad faith. Plaintiff claims he is entitled to "two times the covered benefit, reasonable attorney's fees, prejudgment and post-judgment interest, and court costs." *Id.* at ¶ 20. If plaintiff prevails on his breach of contract claim, which is approximately $142,640, and receives double damages under Colo. Rev. Stat. §§ 10-3-1116, he will recover at least $75,000, plus attorneys' fees and costs incurred in this litigation.

10. Courts in this district have concluded that the amount in controversy exceeds the jurisdictional amount when an insured brings a claim for breach of contract and also seeks to recover double the amount of the covered benefit pursuant to Colo. Rev. Stat. § 10-3-1116, plus attorneys' fees. *See Cox v. Lincoln Nat'l Life Ins. Co*., 2010 U.S. Dist. LEXIS 134517, *10 (D. Colo. Dec. 9, 2010) (the amount in controversy was satisfied when the plaintiff alleged the defendant was required to pay insurance benefits and also asserted a claim for double damages under Colo. Rev. Stat. § 10-3-1116); *Washington v. Am. Family Mut. Ins. Co*., 2013 U.S. Dist. LEXIS 51240, *9-10 (D. Colo. Mar. 18, 2013) (finding a plaintiff's claim for statutory damages under Colo. Rev. Stat. § 10-3-1116, including attorneys' fees, was sufficient for establishing the amount in controversy for purposes of removal). Thus, plaintiff's claims for attorneys' fees are properly considered in determining the amount in controversy. *Washington*, 2013 U.S. Dist. LEXIS 51240, *10-11; *Miera v. Dairyland Ins. Co*., 143 F.3d 1337, 1340 (10th Cir. 1998) (finding that "[t]he Supreme Court has long held that when a statute permits recovery of attorney's fees a

reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship."). In this district, it is not unusual for attorney fee claims in first-party insurance bad faith cases to exceed $100,000. *See Etherton v. Owners Ins. Co.*, 2015 U.S. Dist. LEXIS 24765 (D. Colo. March 2, 2015) (awarding plaintiff $175,170.00 in attorneys' fees); *Adamscheck v. Am. Family Mut. Ins.*, 2015 U.S. Dist. LEXIS 36979 (D. Colo. March 24, 2015) (awarding $122,936 in attorneys' fees).

11. The State Court Case Civil Case Cover Sheet provides further evidence that plaintiff values its claims in excess of the jurisdictional limit. On the Civil Case Cover Sheet filed on July 30, 2019, plaintiff indicated the case was not governed by Colorado's simplified procedure pursuant to Colo. R. Civ. P. 16.1 because he is seeking a "monetary judgment against another party for more than $100,000, including any penalties or punitive damages, but excluding attorney fees, interest and costs". The Court of Appeals for the Tenth Circuit has concluded that a civil case coversheet is an "other paper" and, therefore, provides an appropriate basis to support the jurisdiction amount in controversy for purposes of removal. *Paros Props. LLC v. Colo. Cas. Ins. Co*., 835 F.3d 1264, 1272-73 (10th Cir. 2016).

12. Pursuant to 28 U.S.C. § 1446(d) and D.C.Colo.LCivR 81.1, this Notice of Removal has been sent to all other parties in this action and has been filed with the state court clerk's office. Within fourteen days of the filing of this Notice of Removal, State Auto will file a current state court docket sheet (register of actions) and will separately file each pending motion, petition, and related response, reply, and brief. Copies of the state court Complaint, Civil Case Cover Sheet, and any Answers or Returns of Service, or orders served upon State Auto are submitted contemporaneously with this Notice pursuant to 28 U.S.C. § 1446(a).

[6]

DATED this the 30th day of August, 2019.

                Respectfully submitted,

/s/ *Christine M. Kroupa*
John M. Palmeri
Christine M. Kroupa
GORDON REES SCULLY MANSUKHANI, LLP
555 Seventeenth Street, Suite 3400
Denver, CO 80202
Telephone: (303) 534-5160
Telefax: (303) 534-5161
jpalmeri@grsm.com
ckroupa@grsm.com
*Attorneys for Defendant State Auto Insurance Company of Ohio*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the above and foregoing was electronically filed with the Clerk of the United States District Court using the CM/ECF system which will send notification to all counsel of record, this the 30th day of August, 2019.

Michael G. Brownlee, Esq.  [*copy via Colorado Courts E-Filing System*]
BROWNLEE & ASSOCIATES, LLC
70 Benchmark Road, Suite 205
P.O. Box 1658
Avon, Colorado 81620
michael@brownleelawllc.com

Robert W. Loree, Esq.  [*copy via Colorado Courts E-Filing System*]
LOREE & LIPSCOMB
777 East Sonterra Boulevard, Suite 320
Sam Antonio, Texas 78258
rob@lhllawfirm.com

Clerk of the Civil Division  [*copy filed via Colorado Courts E-Filing System*]
Huerfano County District Court
401 Main Street, Suite 304
Walsenburg, Colorado 81089

/s/ *Christine M. Kroupa*
John M. Palmeri
Christine M. Kroupa
GORDON REES SCULLY MANSUKHANI, LLP
555 Seventeenth Street, Suite 3400
Denver, CO 80202
Telephone: (303) 534-5160
Telefax: (303) 534-5161
jpalmeri@grsm.com
ckroupa@grsm.com
*Attorneys for Defendant State Auto Insurance Company of Ohio*