IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 19–cv–02480–WJM–KMT

CONRAD JACQUART,

    Plaintiff,

v.

STATE AUTO INSURANCE COMPANY OF OHIO, an Ohio corporation, doing business as STATE AUTO PROPERTY & CASUALTY, STATE AUTO INSURANCE COMPANIES, and STATE AUTOMOBILE MUTUAL INSURANCE COMPANY,

    Defendant.

## ORDER

Before the court is Plaintiff's "Unopposed Motion for Leave to Amend Complaint." (["Motion"], Doc. No. 29.) Defendant has responded to the Motion, and Plaintiff has replied. (["Response"], Doc. No. 33; ["Reply"], Doc. No. 34; ["Supplemental Response"], Doc. No. 39.)

On July 30, 2019, Plaintiff Conrad Jacquart filed this lawsuit, in Colorado state court, against his homeowner's property insurance provider, Defendant State Auto Insurance Company of Ohio, to recover policy benefits for property damage coverage. (["Complaint"], Doc. No. 2 at 1-5.) Defendant removed the case to federal court, on August 30, 2019, on the basis of diversity jurisdiction. (Doc. No. 1 at 1-2.)

In his Complaint, Plaintiff alleges that, after an "uninhabitable shed" located on his property was "extensively damaged" by fire, Defendant unreasonably denied his claim for

property damage benefits, in violation of Colorado Revised Statutes §§ 10-3-1113(3), 10-3-1115, and 10-3-1116. (Compl. 4 ¶¶ 15-20.) Plaintiff further alleges that Defendant's actions amounted to a breach of his insurance contract, as well as common law insurance bad faith. (*Id.* at 3-5 ¶¶ 14, 21-25.) Plaintiff seeks to recover: (1) "actual, economic, non-economic, compensatory, and consequential damages;" (2) statutory "double damages" under § 10-3-1116; (3) prejudgment and post-judgment interest; (4) exemplary damages; (5) attorneys' fees; and (6) court costs. (*Id.* at 5.)

On December 18, 2019, Plaintiff filed the instant Motion for leave to amend his complaint. In the Motion, Plaintiff asks to add his wife, Jade Japhet, as a plaintiff, as well as to "correctly name" the defendant as "State Auto Property and Casualty Insurance Company." (Mot. 1.) Plaintiff argues that he should be allowed to amend his complaint, because his wife is a named insured under the policy at issue, and because State Auto Property and Casualty Insurance Company is "the actual corporate entity" that issued the policy. (*Id.*)

The proposed First Amended Complaint, attached as an exhibit to the Reply,[1] does name Jade Japhet as a co-plaintiff, and identifies the defendant to be "State Auto Property and Casualty

---

[1] The initial proposed First Amended Complaint, which was attached as an exhibit to the Motion itself, identified the defendant to be "State Auto Property and Casualty Insurance Company, *an Ohio corporation, doing business as State Auto Property & Casualty, State Auto Insurance Companies, and State Automobile Mutual Insurance Company*." (Mot. Ex. 1 at 1.) (emphasis added). In its Response, filed on December 27, 2019, Defendant argued that it "oppose[d] the proposed First Amended Complaint as currently written," because the "only properly named defendant is 'State Auto Property and Casualty Insurance Company' with no d/b/a." (Resp. 1-2.) On January 3, 2020, Plaintiff filed a Reply, stating that he "agree[d] with Defendant," and attached a revised proposed First Amended Complaint. (Reply 1, Ex. 1.) On February 27, 2020, Defendant filed a Supplemental Response, confirming that it no longer opposed the proposed amendment, "in light of the reply." (Supp. Resp. 1-2.)

2

Insurance Company." (Reply Ex. 1 at 1.) No other revisions are contained within Plaintiff's proposed pleading. (*Compare* Doc. No. 2, *with* Reply Ex. 1.)

Federal Rule of Civil Procedure 15(a), which applies here,[2] provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule's purpose "is to provide litigants the maximum opportunity for each claim to be decided on the merits rather than on procedural niceties." *Minter v. Prime Equip.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotations omitted). Therefore, "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)); *see Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits.").

In this case, there is no reason to deny Plaintiff's request for leave to amend. There is no indication that Plaintiff acted in bad faith or with undue delay. Indeed, the instant Motion was filed well within the deadline for the amendment of pleadings. (*See* Doc. No. 25 at 10.) Further, Defendant has made clear that it does not oppose the proposed amendment. (Supp. Resp. 1-2.) Moreover, this case is in an early stage, and the parties have yet to complete discovery. For those reasons, Plaintiff is entitled to amend his Complaint to add his wife as a plaintiff, as well as to amend the defendant's name.

---

[2] Plaintiff filed his motion for leave to amend on December 18, 2019, nine days before the amended pleadings deadline. (*See* Doc. No. 25 at 10.) Because Plaintiff's motion was timely filed, the Rule 15(a) standard applies. *See* Fed. R. Civ. P. 15(a), 16(b).

Accordingly, it is

**ORDERED** that Plaintiff's "Unopposed Motion for Leave to Amend Complaint" (Doc. No. 29) is **GRANTED**. Plaintiff is **ORDERED** to file an amended complaint **no later than March 3, 2020**.

This 27th day of February, 2020.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge